Honorable Gladys Marriott State Representative, District 37 Room 313E, Capitol Building Jefferson City, Missouri 65101
Dear Representative Marriott:
This letter is in response to your request for an official opinion of this office asking the following question:
 "Shall a barber school established in compliance with Chapter 328 RSMo, 1969, be required to include courses of study in arranging, dressing, curling, waving, permanent waving, cleansing, cutting, bleaching, tinting and coloring?"
As indicated by your question, the provisions which govern the education of barbers in preparation for licensure in Missouri are set out in Chapter 328, RSMo.
Among the powers granted the State Board of Barber Examiners is the authority to license and regulate barber schools or colleges. Section 328.120, RSMo, provides in pertinent part:
 "1 . . . The board shall have the right to pass upon the qualifications, appointments, and course of study in the school or college, . . ."
In addition, the requirements for an individual to become licensed as a barber include the following components of Section328.080, RSMo:
 "2. (3) [Study] for at least one thousand hours in a period of not less than six months in a properly appointed and conducted barber school . . .
* * *
 "3. The board shall be the judge of whether the barber school or college is properly appointed and conducted under proper instruction to give sufficient training in the trade."
In furtherance of its statutory directive, the Board has promulgated regulations itemizing the subjects which must be taught in schools in order to constitute a proper course of study and give sufficient training in the trade. These regulations appear in 4 CSR 60-2.010(16). We are attaching a copy for your information, and, in the interest of brevity, will not quote each section in full in this opinion.
We note that the above-referenced section of the regulations includes reference to several subjects similar in nature to those listed in your question. We conclude, therefore, that the Board considers mastery by the student of the subjects listed in the regulations a prerequisite to licensure.
By reaching this conclusion, however, we do not mean to infer that such schools are forbidden by law or regulation to instruct in subjects other than those which the Board deems necessary, so long as those subjects are in addition to the state required courses.
We are also enclosing for your information a copy of Opinion No. 223, June 1, 1967, to Casey, which responds to a question somewhat related to your own.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: 4 CSR 60-2.010 Rules, Regulations and Curriculum Prescribed for Barber Schools
 Op. No. 223 6/1/67, Casey